## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

 

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Anthony Newman | Not Present |

**Proceedings:**     HELWAN'S MOTION FOR DEFAULT JUDGMENT (Filed April 21, 2017, Dkt. 28)

## I.    INTRODUCTION

On January 23, 2017, plaintiff Helwan Cement S.A.E., an Egyptian company ("Helwan"), filed this action against Tahaya Misr Investment Inc., a California corporation formerly known as The Globe Corporation ("Tahaya"). Dkt. 1. On the same day, Helwan filed a notice of related case, noting that this action is related to Case No. 2:16-cv-1001-CAS (AFM). Dkt. 4. On February 13, 2017, Helwan filed a First Amended Complaint ("FAC") alleging a claim for declaratory judgment. Dkt. 17.

On February 23, 2017, the Court granted Helwan's request to allow service of process on Tahaya via the California Secretary of State. Dkt. 22. On March 29, 2017, Helwan filed proof of service via the California Secretary of State.[1] Dkt. 24. On April 3, 2017, the Clerk entered default against Tahaya. Dkt. 26.

On April 21, 2017, Helwan filed the instant motion for default judgment against Tahaya. Dkt. 28 ("Mot."). To date, Tahaya has not appeared in this matter.

Having carefully considered Helwan's arguments, the Court finds and concludes as follows.

---

[1] During the June 5, 2017 hearing on this matter, Helwan further represented to the Court that it has attempted to notify Tahaya of this action via email using email addresses provided by Tahaya in Case No. 2:16-cv-1001-CAS.

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

## II.   BACKGROUND

On or about March 8, 2001, The Globe Corporation was incorporated in the State of California.[2]  FAC ¶ 9.  Helwan is an Egyptian company with its principal place of business in Egypt.  Id. ¶ 1.

The instant action stems from two related actions wherein Tahaya was the plaintiff and Helwan was the defendant.  In 2011, Tahaya filed an action in Egyptian court against Helwan ("the Egyptian Action").  In the Egyptian Action, Tahaya alleges that on or about March 6, 2002, Helwan entered into an Exclusive Export Agency Agreement with Tahaya ("the Agreement").  Id. ¶¶ 6, 12.  In the Egyptian Action, Tahaya alleges that Helwan breached the Agreement causing "in excess of $3 billion."  Id. ¶ 13.  The Agreement alleged to have been breached contains a forum selection provision:

> It is agreed that the laws of the state of California and the United States of America govern this agreement. [Tahaya] and Helwan Portland Cement Co. (of ASEC Group) agree that any legal dispute arising out of the agreement or relating to the scope of this agreement may be brought only in the Courts of the State of California or Federal US courts in California.

FAC, Ex. 1 at 2.

Helwan, which has been litigating as the defendant in the Egyptian Action since 2011, "disputes that the Egyptian courts have jurisdiction over [Tahaya]'s claims regarding Helwan's breach of the alleged Agreement."  Id. ¶ 13.  According to Helwan, the Egyptian courts have not yet rendered a final determination whether the Egyptian courts have jurisdiction over Tahaya's claims there.  Id. ¶ 14.

---

[2] Helwan alleges that defendant, Tahaya, was formerly known as The Globe Corporation.  Helwan further alleges that Globe's California corporate status was suspended from July 2004 until "at least December 2015."  Id. ¶ 11.  With its request for judicial notice, Helwan has submitted a "Certificate of Amendment of Articles of Incorporation," dated September 29, 2015, whereby the defendant's name was changed from Globe to Tahaya.  Dkt. 28-3.  For purposes of this order, the Court refers to defendant as Tahaya.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

Helwan also disputes the authenticity, validity, and enforceability of the Agreement. Id. ¶ 13. On December 29, 2015, Tahaya filed an action against Helwan in the Los Angeles County Superior Court alleging breach of the Agreement ("the California Action"). Helwan removed the California Action to the United States District Court for the Central District of California.[3] See Case No. 2:16-cv-1001-CAS, dkt. 1.

On March 26, 2016, Helwan filed a motion seeking an anti-suit injunction against Tahaya in the California Action based on the alleged forum selection clause of the Agreement. Id. dkt. 39. On July 27, 2016, the Court granted Helwan's motion for an anti-suit injunction wherein the Court ordered Tahaya to "Immediately take steps to dismiss the Egyptian Action." Id. dkt. 57. Tahaya did not comply with the Court's anti-suit injunction, filed an appeal of the injunction, id. dkt. 60, and sought a stay of the injunction pending the appeal, id. dkt. 65.

On September 6, 2016, Tahaya filed a motion to voluntarily dismiss the complaint. Id. dkt. 79. In support of its motion to voluntarily dismiss the California Action, Tahaya submitted a declaration by Mohamed Abouelsaad, Tahaya's president, wherein Abouelsaad stated that Tahaya had chosen to pursue its claims in the Egyptian Action because it was facing contradictory orders from the Egyptian courts and this court. Id. dkt. 79, Abouelsaad Decl. ¶¶ 42-43. On the same day, Tahaya's counsel in the California Action filed a motion to withdraw because Tahaya was no longer participating in the California Action. Id. dkt. 82.

On September 19, 2016, Helwan filed a motion to dismiss the California Action with prejudice. Id. dkt. 87. On September 20, 2016, while Tahaya's motion to voluntarily dismiss the California Action was pending before the Court, Tahaya was ordered to produce "the original, wet ink version of the March 6, 2002, Exclusive Export Agency Agreement." Id. dkt. 91. Tahaya failed to produce the original Agreement and, on October 31, 2016, was sanctioned for violation of the discovery order. Id. dkt. 105.

---

[3] The Court takes judicial notice herein of the docket in the related case, which is discussed at length in Helwan's motion for entry of default judgment, and was previously before the Court. See 9 C. Wright & A. Miller, Federal Practice and Procedure s 2410 at 359 (1971) ("the power of a court to take judicial notice of its own records is amply established")

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. |

On September 28, 2016, Helwan filed a motion for summary judgment arguing, inter alia, that Tahaya had failed to demonstrate that the Agreement was authentic. Id. dkt. 95.

On November 14, 2016, the Court permitted Tahaya to voluntarily dismiss the California Action without prejudice and denied Helwan's motion to dismiss and the motion for summary judgment as moot. Id. dkt. 110. The Court awarded Helwan attorneys' fees in the amount of $445,835.69. Id. dkt. 119.

The instant action followed. In the instant action, Helwan seeks "a declaratory judgment that the alleged Agreement is inauthentic, not genuine, invalid or unenforceable." FAC ¶ 18. In the alternative, Helwan alleges:

> it is appropriate for the Court to declare whether (a) Helwan breached the alleged Agreement, (b) [Tahaya] waived and/or is estopped from enforcing the alleged Agreement as a result of its more than eleven-year suspension as a California corporation or at least from recovering any damages for its alleged breach during that period of time, (c) the interest provision of the alleged Agreement is illegal and unenforceable and (d) [Tahaya] is barred by the applicable statute of limitations . . . .

Id. ¶ 23. The FAC further states that if the Court determines the Agreement to be authentic, Helwan renews its request for an anti-suit injunction against the Egyptian Action. Id. ¶ 28.

## III.  LEGAL STANDARDS

Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entertainment Group, Inc. v. Bryant, 2004 WL 783123, *1 (C.D. Cal. Feb. 13, 2004); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v.

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. |

McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also Bryant, 2004 WL 783123 at *1-2.

## IV.  DISCUSSION

The Court proceeds to evaluate the Eitel factors.[4]

### 1.      Possibility of Prejudice to Plaintiff

It is not clear what prejudice plaintiff will suffer if the Court declines to enter default judgment.  Normally, this Eitel factor weighs in favor of default judgment where the plaintiff will "likely be without other recourse for recovery" if default judgment is denied.  See e.g., PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  In contrast, here, Helwan acknowledges that it has another avenue wherein it is *already* litigating Tahaya's claims – the Egyptian Action.  Litigation regarding the Agreement remains pending in the Egyptian Action and Helwan has not explained what effect, if any, a declaration here would have upon the proceedings in Egypt.  If Helwan should prevail in the Egyptian Action, notwithstanding the Court's silence here, then Helwan will have suffered no prejudice from its failure to obtain default judgment in this action.

Helwan argues that Tahaya has "cut and run – refusing to engage with the judicial process and allow this Court to make the judicial determination necessary to bring this dispute to conclusion."  Mot. at 11.  However, bringing its own suit for declaratory

---

[4] As an initial matter, Helwan has not complied with the procedural requirements of Local Rule 55-1 by concurrently filing a declaration stating:

(a) When and against what party the default was entered;
(b) The identification of the pleadings to which default was entered;
(c) Whether the defaulting party is an infant or incompetent person . . .; [and]
(d) That the Servicemembers Civil Relief Act . . . does not apply . . . .

L.R. 55-1.  However, given defendant's corporate status, the Court assumes for present purposes that Tahaya is not an incompetent person, infant, or person to whom the Servicemembers Civil Relief Act would apply.

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

judgment is not Helwan's only remedy for resolution of Tahaya's allegations – Helwan can also defend against Tahaya's claims directly in the Egyptian Action. The risk of prejudice to Helwan turns upon the ultimate resolution of the Egyptian Action and is therefore speculative. Accordingly, this factor weighs only slightly in favor of default judgment and is, ultimately, outweighed by the public policy preference for resolution on the merits.

### 2.      The Merits and Sufficiency of Plaintiff's Substantive Claim

The next two Eitel factors turn upon the adequacy of plaintiff's allegations and whether plaintiff has stated a claim upon which plaintiff may recover. Kloepping v. Fireman's Fund, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996).

Declaratory judgment is appropriate where, (1) "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." McGraw-Edison Co. v. Preformed Line Prod. Co., 362 F.2d 339, 342 (9th Cir. 1966). A claim for declaratory judgment must be supported by sufficient factual allegations to state a claim for relief. See Power Probe, Inc. v. Sullivan, Case No. 15-cv-01404-JLS, 2016 WL 7496841, at *2 (C.D. Cal. Feb. 23, 2016) (denying default judgment with regard to claim for declaratory judgment of patent non-infringement).

Here, Helwan seeks a declaratory judgment that the alleged contract between Tahaya and Helwan is not authentic. However, the interpretation and validity of the Agreement are already subject to litigation before another court. Helwan has not explained why the authenticity of the Agreement would be better resolved by this Court rather than in the Egyptian Action, where the parties' disputes have been litigated for approximately six years.

It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose . . . or would not finally determine the rights of the parties . . . or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . . or is, for any other reason, one that can better be adjudicated in another court . . . . Nor should declaratory relief be granted where it would result in piecemeal trials of the various controversies

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

presented or in the trial of a particular issue without resolving the entire controversy.

McGraw-Edison Co., 362 F2d at 343. The foregoing considerations caution against rendering declaratory judgment here.

At bottom, Helwan alleges that a controversy exists in Egypt about the Agreement and seeks a judicial declaration that Tahaya is perpetrating a fraud in the Egyptian Action. Because Helwan's claim sounds in fraud, it is subject to Rule 9(b)'s heightened pleading standards. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (Rule 9(b) applies to allegations "grounded in fraud" or that "sound in fraud"). However, accepting Helwan's allegations as true, Helwan offers only conclusory, equivocal allegations regarding the authenticity, genuineness, validity, and enforceability of the Agreement. Helwan alleges that "Helwan *disputes* that the alleged Agreement is authentic, genuine, valid and enforceable." FAC ¶ 13 (emphasis added); see also id. ¶ 6 ("Helwan disputes the authenticity, genuineness, validity, and enforceability"); id. ¶ 16 (same). Helwan further alleges that, "it is appropriate for the Court to *declare the authenticity*, genuineness, validity, and enforceability of the alleged Agreement or the lack thereof." Id. ¶ 19 (emphasis added). The FAC contains no factual allegations upon which to base a judicial declaration that the Agreement is inauthentic, not genuine, not valid, or not enforceable. Helwan does not allege that the Agreement is inauthentic, doctored, fabricated, fraudulent, invalid, or unenforceable, nor does Helwan allege that it never signed such an agreement. The dearth of factual allegations supporting any specific declaratory relief cautions against granting default judgment. Cf Justice v. Ice King Enterprises LLC, Case No. 14-cv-01767-WHO, 2015 WL 576693, at *7 (N.D. Cal. Feb. 10, 2015) (default judgment appropriate where complaint alleged facts "sufficient for the court to determine" that plaintiff was entitled to declaratory judgment regarding contract termination). Helwan's allegation that it "disputes" the validity of the Agreement is insufficient to satisfy the heightened pleading standards of Rule 9(b).[5]

---

[5] When the Court permitted Tahaya to voluntarily dismiss the California Action, it did not reach the question whether the Agreement was authentic and Helwan's motion for summary judgment was denied as moot. By bringing this new action, Helwan, in effect, seeks resolution of its mooted motion for summary judgment in the California Action. Helwan argues that the Court should declare that the Agreement is "illegitimate" because

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

Helwan has not stated a claim for declaratory judgment that the Agreement is inauthentic. See In re Kubick, 171 B.R. 658, 661 (9th Cir. BAP, 1994) (applying heightened pleading standards in default judgment context and reversing lower court's grant of default judgment); Pac. Bus. Capital Corp. v. Globex Brands, Inc., Case No. 09-cv-866-DOC, 2011 WL 66337, at *2 (C.D. Cal. Jan. 7, 2011) (denying default judgment on claim that failed to satisfy Rule 9(b)).

As previously noted, the instant dispute is already pending before another court and Helwan does not allege facts supporting the declaratory relief it seeks. Default judgment here may be inconsistent with the parties' proceedings in the Egyptian Action and result in piecemeal resolution of Tahaya's breach of contract claimed against Helwan in the Egyptian Action. Rather than clarify and settle the parties' rights in relation to the Agreement, declaratory judgment here may create additional uncertainty and ambiguity as the parties continue to litigate in Egypt. Under the unique circumstances of this case, and in light of Helwan's conclusory allegations, the merits of Helwan's claim and the sufficiency of the complaint weigh against granting default judgment.

### 3.     The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77. Helwan argues that this factor weighs in favor of default judgment because Helwan "seeks only a declaratory judgment that the alleged Agreement is not authentic, genuine, valid or otherwise enforceable. Helwan seeks no monetary

Tahaya failed in the California Action to "establish the legitimacy of the alleged Agreement." Mot. at 15.

However, the fact that Tahaya did not pursue the California Action and produce the original Agreement does not entitle Helwan to a declaration that the Agreement is inauthentic. Tahaya's failure to comply with a discovery order and subsequent voluntary dismissal of the California Action to pursue the matter in Egypt do not establish that the Agreement is inauthentic. The Court declines to render declaratory judgment for Helwan based solely upon Tahaya's conduct during the California Action.

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

damages in this action."[6]  Mot. at 17.  Where plaintiff's claim is for declaratory judgment rather than for money damages, some courts have determined that this factor weighs in favor of granting default judgment.  See e.g. PepsiCo, Inc., 238 F. Supp. 2d at 1177.  However, where the declaratory relief sought implicates the parties and merits of a separate action, the Court may consider the amount at stake in that separate action while weighing the Eitel factors.  Lexington Ins. Co. v. Lennar Sales Corp., Case No. 11-cv-03411, 2012 WL 12883900, at *10 (C.D. Cal. Mar. 7, 2012) (Morrow, J.) (concluding that this factor weighs against default judgment where an insurance company sought a declaration that it had no duty to defend separate actions for, cumulatively, $925 million).

Tahaya seeks more than $3 billion from Helwan in the Egyptian Action.  Here, Helwan seeks a judicial declaration that the Egyptian Action is baseless.  If declaratory judgment would affect the parties' rights in the Egyptian Action, it would implicate an enormous sum of money.  Accordingly, this factor weighs against default judgment.

### 4. Possibility of Dispute Concerning Material Facts

"Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.  In most cases, accepting the allegations as true leaves no remaining dispute as to the material facts.  Id. However, as discussed above, Helwan does not allege material facts upon which to base a claim for specific declaratory relief.  Furthermore, Helwan acknowledges that its claim is premised upon the parties existing and ongoing dispute in the Egyptian Action. Accordingly, this factor weighs against granting default judgment.

### 5. Excusable Neglect

There is some risk that Tahaya is wholly unaware of this lawsuit.  However, Tahaya was properly served in this matter and has not appeared.  Accordingly, it is unlikely that Tahaya's failure to appear is the result of *excusable* neglect.  See Chuck

---

[6] In contrast, the FAC alleges that the amount in controversy exceeds $75,000, FAC ¶ 8, which is a jurisdictional prerequisite, see Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (plaintiff must show diversity jurisdiction over claim for declaratory judgment).  If, as Helwan contends in the instant motion, there is no money at stake, then there does not appear to be a basis for subject matter jurisdiction.

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-00543-CAS (AFMx) | Date | June 5, 2017 |
|----------|--------------------------|------|--------------|
| Title | HELWAN CEMENT S.A.E. V. TAHAYA MISR INVESTMENT INC. | | |

Olsen Co. v. F.P.D., Inc., No. CV 13-5062 DMG (EX), 2015 WL 12791410, at *3 (C.D. Cal. Nov. 23, 2015) (neglect is unlikely to be excusable where party was properly served). This factor weighs in favor of default judgment.

### 6.  Public Policy in Favor of Deciding the Merits

"Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. In many cases, a party's failure to answer or appear makes a decision on the merits impractical, if not impossible. PepsiCo, 238 F. Supp. 2d at 1177. However, here, one premise of Helwan's claim for declaratory judgment is that the parties have been and continue to litigate the merits of Helwan's claim in Egypt. Accordingly, this factor weighs against granting default judgment.

### 7.  Balance of the Eitel Factors

Considering all of the Eitel factors, discussed above, the Court denies Helwan's motion. Helwan's allegations and Tahaya's failure to appear and defend this action are insufficient to overcome the public policy in favor of resolving cases upon their merits. That the parties have been and continue litigating these same issues in a separate action cautions against rendering default judgment here.

## V.   CONCLUSION

Helwan's motion is **DENIED**.

IT IS SO ORDERED.

| | 00 | 11 |
|---|---|---|
| Initials of Preparer | | CMJ |